FILED
2011 Dec-28 PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER B. WALKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 1:09-cv-00811-CLS-JEO |
| | ) |
| **D.B. DREW,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM OPINION AND ORDER**

United States Magistrate Judge John E. Ott filed a report on April 18, 2011, recommending that defendants' motion for summary judgment be granted as to plaintiff's Eighth Amendment medical claims against defendants Stiles, Paco, Watts, Holt, Drew, Mitchell, and Paul, and that those claims be dismissed with prejudice.[1] The magistrate judge further recommended that plaintiff's Fourteenth Amendment due process claims against defendants Mitchell, Paul, and Liptrot be dismissed without prejudice.[2] Plaintiff filed objections on May 12, 2011.[3]

Plaintiff attached to his objections a copy of an April 27, 2011 radiology report evaluating a September 2007 x-ray of plaintiff's elbow.[4] In his objections, plaintiff

---

[1] Doc. no. 38, at 25.

[2] *Id.* at 25-26.

[3] Doc. no. 42.

[4] *Id.* at 6.

asserts that the radiology report was withheld from him until April 2011.[5] The findings and conclusion of the radiology report state:

> Negative except for: Well-corticated osseous fragment in the soft tissues posterior to the distal humerus without soft tissue swelling is likely due to chronic prior trauma.[6]

Plaintiff argues that the report demonstrates his arm was broken after the November 6, 2006 altercation, and that the medical defendants failed to provide him with proper medical care. This court disagrees. First, the radiology report does not conclusively show that plaintiff's arm was broken on November 6, 2006. It is undisputed that defendant Paco requested an x-ray of plaintiff's elbow on December 28, 2006, and that the attending physician stated that the findings were "probably related to [an] old injury and calcification in the tendinous structures."[7] Therefore, it is unclear whether the most recent x-ray findings identify the injury plaintiff alleges he received during a fight on November 6, 2006, or an even older injury as noted in the December 28, 2006 x-ray report.

More fundamentally, however, even if it is assumed that the recent findings are related to an injury plaintiff sustained in November 2006, the fact that the medical

---

[5] *Id.* at 2.

[6] *Id.* at 6.

[7] Doc. no. 31 (Response to Order to Show Cause), at Ex. 17 (Radiology Report, December 28, 2006).

defendants did not correctly diagnose the same does not rise to the level of a *constitutional* violation. At most, defendants may have been negligent in failing to properly diagnose the condition of plaintiff's arm. However, medical negligence is insufficient to support a *constitutional* claim. *See Fielder v. Brossard*, 590 F.2d 105 (5th Cir. 1979).[8] Accordingly, the recent findings alone do not establish constitutionally-actionable "deliberate indifference" on the part of the medical defendants.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Magistrate Judge's report and recommendation and the objections filed by plaintiff, the court is of the opinion that the Magistrate Judge's report is due to be, and it hereby is ADOPTED by this court, and the Magistrate's recommendation is ACCEPTED. The court EXPRESSLY FINDS that there are no genuine issues of material fact concerning plaintiff's Eighth Amendment medical claims, and that defendants are entitled to judgment as a matter of law. Plaintiff's Eighth Amendment medical claims are DISMISSED WITH PREJUDICE. Further, the Court EXPRESSLY FINDS that plaintiff's Fourteenth Amendment due process claims are

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

due to be, and the same hereby are, DISMISSED WITHOUT PREJUDICE.[9]

DONE and ORDERED this 28th day of December, 2011.

_____
United States District Judge

---

[9] Plaintiff's due process claims were dismissed without prejudice because he must seek invalidation of the disciplinary actions through *habeas corpus* proceedings before bringing a separate action. Plaintiff did not object to the magistrate judge's recommendation regarding these claims.